UNITED STATES DISTRICT COURT  c
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JANET DUCOTE CLARK, Plaintiff | CIVIL ACTION NO. 1:16-CV-01657 |
| VERSUS | JUDGE JAMES |
| BMW OF NORTH AMERICA LLC, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (Doc. 7) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by Defendant BMW of North America L.L.C. ("BMW NA"). Clark opposes the motion. (Doc. 13). BMW NA did not file a reply.

I. Background

Clark filed suit against BMW NA and Walker Motor Company of Alexandria, L.L.C. d/b/a Walker BMW ("Walker BMW"), based on an allegedly defective 2013 BMW 650 ICP ("car," or "the car") that she purchased on June 25, 2013. In her original Complaint, Clark alleged that the sales price of the car was $95,647.18, and that the total cost, including finance charges, would be $104,287.68. Clark alleged jurisdiction under 28 U.S.C. § 1331 though the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*

BMW NA filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). On the same day that Clark filed her opposition to BMW NA's motion, she also filed a Motion for Leave to File Amended Complaint.

This Court granted Clark's Motion to Amend. (Doc. 19). Clark's Amended Complaint dismissed non-diverse defendant Walker BMW, alleged an amount in controversy in excess of $75,000.00, and based jurisdiction on 28 U.S.C. § 1332. (Doc. 20).

## II.     Law and Analysis

Under Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for lack of subject matter jurisdiction. A court must consider a Fed. R. Civ. P. 12(b)(1) motion before other Rule 12 motions. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "The plaintiff always bears the burden of proving that jurisdiction exists." See id. In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. Barrera-Montenegro v. U.S., 74 F.3d 657, 659 (5th Cir. 1996).

A court may also grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). "[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." Iqbal, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

In their Motion to Dismiss, BMW NA seeks to have Clark's complaint dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, alleging that Clark's claims fail to meet the jurisdictional threshold under the MMWA, as the amount in controversy is less than $50,000.00. Specifically, they allege that Clark's MMWA claims only establish an amount in controversy of $38,765.00, based on the sales price minus the use value, or alternatively as much as $47,405.50, if the finance charges are included. (Doc. 7).

However, in the Amended Complaint, Clark sets forth damages that would exceed the $75,000 amount-in-controversy requirement for diversity jurisdiction, and also specifically states that any value of Clark's use of the car, which would otherwise be credited against the costs of the vehicle, have been overridden by the inconveniences and interruptions in use associated with the defective nature of the vehicle and the Defendant's attempts to repair. (Doc. 20).

Nonetheless, in its motion, BMW NA additionally stated that they would not address diversity jurisdiction under 28 U.S.C. § 1332, since Clark had not set forth any basis for this Court to exercise diversity jurisdiction at the time. But since filing their Motion to Dismiss, Clark filed an Amended Complaint alleging diversity jurisdiction, thereby removing the basis for BMW NA's objection. (Doc. 20; see also doc. 13). Clark's Amended Complaint dismissed the non-diverse Defendant Walker

3

BMW, and alleged a list of damages that would exceed $75,000.00, including all damages under the MMWA and those flowing from the sale as a result of the pendant state law claim for redhibition.

### III. Conclusion

Because Clark amended her complaint alleging diversity jurisdiction under 28 U.S.C. § 1332, BMW NA's Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6) on the basis that Clark did not meet the requirements for jurisdiction under 28 U.S.C. § 1331 by virtue of the Magnuson-Moss Warranty Act, is moot.

Therefore, IT IS RECOMMENDED that Defendant BMW of North America L.L.C.'s Motion to Dismiss (Doc. 7) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __27th__ day of June, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge